**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTELA ROMERO,<br><br>                    Petitioner,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                    Respondent. | No.    19-70863<br><br>Agency No. A208-086-175<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Estela Romero, a native and citizen of Argentina, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for withholding of removal and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Romero failed to establish that her past experiences in Argentina rose to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("although it may have been possible for the IJ to conclude that the threats were sufficiently serious and credible to rise to the level of persecution, we cannot say the evidence compels the conclusion"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (citation and internal quotation marks omitted)). Substantial evidence supports the agency's determination that Romero failed to establish a clear probability of future persecution in Argentina. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable). Thus, Romero's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Romero failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to Argentina. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

19-70863

We reject Romero's contention that the agency failed to consider arguments and evidence, or that the agency failed to address claims. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**